## SAFE CABINET CO. v. SOUTHWESTERN LIFE INS. CO. (No. 2263.)

Court of Civil Appeals of Texas. El Paso.
April 25, 1929.

Rehearing Denied May 16, 1929.

McNees & Roberts, of Dallas, for appellant.
Cockrell, McBride, O'Donnell & Hamilton and J. L. Lipscomb, all of Dallas, for appellee.

WALTHALL, J. The Southwestern Life Insurance Company, a corporation, brought this suit against F. R. Sherman for rent due under two written lease contracts, one covering space on the fourth floor and one covering space on the ninth floor, in its building in Dallas. The space on the fourth floor was let to Automobile Buyers Corporation, the lease providing for a chattel mortgage lien on all movable property placed by lessee in the building, but that the statutory lien for rent was not waived. Sherman purchased the business, equipment, and furniture of the lessee, and assumed its rental contract. The second rental contract was executed to Sherman for space on the ninth floor, and likewise provisioned as to liens. Both leases provided for attorney fees. Appellee declared default in the payment of rent against Sherman under both leases. Appellee pleaded the procuring of a distress warrant directing the seizure of the property of Sherman in satisfaction of the unpaid rental, and the officers return with its itemization. It was alleged that said property belonged to Sherman, was in appellee's building, and that the building manager was made special bailee thereof. Appellee joined the appellant, Safe Cabinet Company, in the suit, by amended petition, alleging that it had, since the filing of the suit, been sued in a justice of the peace court in Bexar county by the Safe Cabinet Company, for foreclosure of a chattel mortgage lien and title to certain office furniture, and prayed for, and the court granted, a writ of injunction restraining the appellant from prosecuting said suit in the said justice court. Appellee secured service of citation by publication as to Sherman and personal service as to appellant. Appellant answered by general demurrer and general denial, and that Sherman had borrowed from it the certain office furniture which appellee was withholding and identified and described by an exhibit which appellant offered in evidence as proof of the loan and identity of the property loaned; that on May 19, 1925, it had sold to Sherman certain other furniture, retaining a written chattel mortgage lien to secure the purchase price, and filed it in Bexar county on June 1, 1925, where the property then was; that the property was removed from Bexar to Dallas county without its consent or knowledge, and claimed its lien to be prior to that of appellee. Sherman was duly cited by publication, and, he not appearing in person or by answer, an attorney was appointed by the court to answer for him. The trial was had without a jury. The court made and filed findings of fact and conclusions of law. The findings and conclusions are lengthy, covering several pages of the record, and we will state here only that the court found for appellee on all of the issues pleaded by appellee, and entered judgment for its debt against Sherman in the sum of $1,302.50, and foreclosing its liens; against the property seized in appellee's building and as being "prior and superior to any lien of appellee; and that appellant is not entitled, as against the appellee, to the right, title or possession of the property for which appellant sues."

Judgment was also entered for appellant for its debt against Sherman for $163.91, and foreclosing its mortgage lien against the property described in its mortgage, and subordinate to the liens of appellant. Appellant was denied any relief against appellee, and was perpetually enjoined from prosecuting its suit against appellee in the justice of the peace suit.

The Safe Cabinet Company prosecutes this appeal.

### Opinion.

The findings of fact made by the trial court are not questioned by appellant, nor were additional findings requested.

■ The findings are sufficient to sustain the judgment, and, unless some reversible error is shown, the case must be affirmed in whole or in part.

■ Appellant offered in evidence a certified copy of its chattel mortgage on certain of the personal property withheld by appellee under appellee's chattel mortgage and landlord's lien. The court admitted the certified copy of the chattel mortgage as to Sherman, no objection having been made to its introduction, but sustained an objection to its introduction in evidence as to appellee on objection, among others, that the chattel mortgage was not filed in the papers of the cause before announcing ready for trial. Article 5493 of our Statutes provides that the party desiring to use such instrument shall file the same in the papers of the cause before announcing ready for trial, and not afterwards. No showing is made that the copy had been filed in the papers of the cause before announcement, as required, and we assume that it had not been filed.

We think the court was not in error in excluding the certified copy on the objection.

■ Appellant offered in evidence an instrument called a loan agreement between appellant and Sherman, as evidence to show the property mentioned in the loan agreement was loaned to Sherman and that the title to the property therein was in appellant. The memorandum of date 1/30/26 describes what appears to be two pieces of property, and on which are these words: "Loaned to F. R.

Sherman, Address S. W. Life Bldg., Dallas, Texas. I hereby acknowledge receipt of the goods described on this sheet, for use as a temporary loan, title to remain with the Safe Cabinet Company. Loaned from Dallas stock. By F. R. Sherman, Agent. Reason loaned, pending probable purchase."

The signature of Sherman on the instrument had been identified. The court sustained an objection, in effect, because of the words on the instrument, and on the ground that the instrument shows that Sherman did the loaning as the agent for appellant; that he did not acknowledge receipt of the goods as a loan.

The court sustained the objection.

The instrument, we think, shows a receipt for the goods described taken out of the stock of goods by Sherman, in contemplation of a purchase, or, as stated, pending a probable purchase by Sherman, but, in fact, not purchased. It has not the element of a sale to Sherman, but a loan. We have concluded that the court was not in error, for the reason stated in excluding the copy of the chattel mortgage, but we think also that the appellee should have been permitted to introduce the receipt or memorandums tending to show the loan of the goods described.

In the condition of the record before us, we must, for reasons stated, reverse and remand the case.

Reversed and remanded.